## APPEAL OF HUB SHOE CO.

Docket No. 1170.   Submitted April 9, 1925.   Decided October 12, 1925.

When a business conducted by a corporation is continued after its charter expires by limitation, the income is not taxable to the corporation, which has no existence either *de jure* or *de facto*.

*Edwin C. Dutton* and *D. R. Hutchinson, Esqs.*, for the taxpayer.
*B. G. Simpich, Esq.*, for the Commissioner.

Before STERNHAGEN, TRAMMELL, and PHILLIPS.

This appeal is from the determination of a deficiency in income and profits taxes for the year 1919 in the sum of $5,208.93. From the

depositions of witnesses taken under an order of this Board and the documentary evidence, the Board makes the following

### FINDINGS OF FACT.

The Hub Shoe Co. was a Michigan corporation formerly engaged in the retail shoe business at Flint. The company was organized June 1, 1909, and the charter provided for a term of existence of 10 years. In 1910 Elwyn Pond acquired all of the stock of the corporation and it was all transferred into his name, except for certain qualifying shares which he controlled. This ownership continued during the period in question in this appeal. For some years prior to 1919 the taxpayer was conducting its business at 223 South Saginaw Street under a lease which expired April 15, 1919. The taxpayer continued to do business in this store for from 30 to 35 days after the expiration of the lease, attempting to sell out its old stock. This lease stood in the name of Pond and was never transferred to the corporation.

In August, 1918, Pond entered into a lease for the premises at 410 South Saginaw Street for a period of 10 years from May 1, 1919. The premises were not ready for occupancy on that date and no business was conducted in the new store until on or about June 13, 1919.

While the business was being transacted in the old store one Benedict was employed as a salesman. It was agreed between him and Pond that when the business was moved into the new store he should share in the profits. Before the removal to the new store efforts were made to dispose of all of the stock in trade of the old store as it was the desire of both parties that the new store should start with a new line of stock.

The taxpayer claims that the business in the new store was conducted by a partnership consisting of Pond and Benedict. The Commissioner claims that the business in the new store continued to be conducted by the corporation until October 14, 1919, and has determined a deficiency in the income and profits taxes for 1919 upon this basis.

The bank deposits of the new store were entered on the same pass book as was used for the old store, the name appearing upon the bank book being " Hub Shoe Store." The transactions of the new business were all entered on the same books as had been used to record the transactions of the old store.

Under date of September 13, 1919, the attorneys for the company forwarded to the Secretary of State of Michigan a certificate of increase of capital stock of the company, together with $19 in payment of fees. This certificate was returned to the attorney by the Secre-

tary of State on September 17, 1919, with a letter calling attention to the fact that the corporate term of the corporation had expired by limitation on May 31, 1919. On September 23, 1919, the attorney wrote the Secretary of State as follows:

We have your letter of recent date returning certificate of increase of the Capital Stock of the Hub Shoe Company and stating that the franchise of this company had expired by limitation.

The stockholders of this company have decided to form a copartnership instead of a new corporation. You will therefore please return to us $19.00 forwarded to you with the certificate of increase. Also please send us some blank notices of dissolution; also blank articles of association for corporation organized under Act No. 232, Public Acts of 1903.

On October 14, 1919, Pond and Benedict entered into an agreement of partnership in which it was provided, among other things, "The firm name of the partnership shall be the Hub Shoe Store," "the term for which the said partnership is organized is ten years from and after May 1st, 1919," "the capital of said firm is to be the sum of thirty-five thousand ($35,000), of which Elwyn Pond is to contribute thirty-four thousand ($34,000), and Lewis D. Benedict is to contribute one thousand ($1,000) dollars on or before October 1, 1919."

Under date of October 14, 1919, a notice of dissolution of the corporation was prepared which was recorded November 3, 1919. Under date of October 14, 1919, Pond and Benedict caused to be executed and filed a certificate that they were doing business under the name and style of "Hub Shoe Store," this certificate being required by law.

Thereafter the partners caused their accountants to prepare partnership books of account, entering in these books all transactions which took place in connection with the operation of the new store from June 13, 1919.

### DECISION.

The deficiency determined by the Commissioner is disallowed.